UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br>17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5046, 18-1562, 18-1572, 18-1565, 18-1573, | **MDL No. 17-2795 (MJD/KMM)**<br><br>**PRELIMINARY APPROVAL ORDER** |

On January 22, 2020, this Court heard Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Provisional Class Certification.[1] This Court reviewed the Motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

**1.** The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

**2.** The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1

Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

  **2.** The Long-Form Notice, Email Notice, Bill Notice, Postcard Notice, Publication Notice, and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

  **3.** For settlement purposes only, the Court concludes the following:

    **a.** The Settlement Class is so numerous that joinder of all Class Members is impracticable;

    **b.** There are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual Settlement Class Members.

    **c.** The Settlement Class Representatives' claims are typical of the Settlement Class's claims;

    **d.** The Settlement Class Representative and their counsel will fairly and adequately protect the interests of the Settlement Class; and

    **e.** Class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

  **4.** CenturyLink, Inc. ("CenturyLink") filed a copy of the notice it gave on

October 24, 2019 pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1. **Settlement Approval**. The Settlement Agreement, including the Long-Form Notice, Email Notice, Bill Notice, Postcard Notice, Publication Notice, and Claim Form, attached to the Settlement Agreement as Exhibits 2-7 are preliminarily approved.

2. **Appointment of the Settlement Administrator and the Provision of Class Notice**. Rust Consulting, Inc. is appointed as the Settlement Administrator. CenturyLink and the Settlement Administrator, will notify Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

3. **Claim for a Settlement Award**. Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a Claim Form to the Settlement Administrator no later than one hundred and fifty-one (151) calendar days after the entry of this Order.

4. **Objection to Settlement**. Any Class Member who has not submitted a timely written exclusion request pursuant to Paragraph 6 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to the Settlement Administrator no later one hundred and fifty-one (151) calendar days after the entry of this Order. Objections must be in writing and: (a) clearly identify the case name and number; (b) include the full name and either the unique identification number for the Settlement Class Member assigned by the Settlement Administrator, or the Settlement Class Member's current or past account

number with CenturyLink; (c) address, telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel) and list of all other class actions the objecting class member or his or her counsel has been involved in presenting objections over the past five year period (whether or not the counsel appeared in the matter); (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection; and (f) be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit regarding the facts supporting the objector's status as a member of the Settlement Class, such as account number(s). Objections must be personally signed in ink by the objecting Settlement Class member to be valid. Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Final Approval Hearing, either in person or through personal counsel to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to any award of class representative service awards or of attorneys' fees and costs. However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." Only Settlement Class Members who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her

4

personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or its merits.

**5.     Failure to Object to Settlement.** Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

**6.     Requesting Exclusion**. Settlement Class Members may elect to not be part of the Class and to not be bound by this Settlement Agreement. To make this election, Class Members must send a written notification to the Settlement Administrator that (a) clearly identifies the case name and number; (b) includes the full name and either the unique identification number for the Settlement Class Member assigned by the Settlement Administrator, or the Settlement Class Member's account number with CenturyLink; (c) includes the address, telephone number (optional), and email address (optional) of the Settlement Class Member seeking exclusion; (d) is signed by the Settlement Class Member; and (e) contains a statement that the requestor does not wish to participate in the Settlement. A request for exclusion must be submitted no later than one hundred and fifty-one (151) calendar days after entry of this Order. Settlement Class Members who are opting out must each separately and individually comply with the requirements of this paragraph.

**7.     Provisional Class Certification**. The Settlement Class is provisionally certified as a class of all persons or entities in the United States who are identified by

CenturyLink as a residential or small business customer and who, during the Class Period, had an account for local or long distance telephone, internet, or television services with one or more of the Operating Companies. Excluded from the class are the Court, the officers and directors of CenturyLink, Inc. or any of the Operating Companies, and persons who timely and validly request exclusion from the Settlement Class. The Class Period is January 1, 2014 to date of entry of this Order.

8. **Conditional Appointment of Class Representative and Class Counsel**. Settlement Class Representatives are conditionally certified as the class representatives to implement the Parties' settlement in accordance with the Settlement Agreement. The law firms of Zimmerman Reed LLP, O'Mara Law Group, and Geragos & Geragos APC are conditionally appointed as Settlement Class Counsel. Settlement Class Representatives and Settlement Class Counsel must fairly and adequately protect the Settlement Class's interests.

9. **Stay of Other Proceedings**. The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement, are stayed pending the Final Approval Hearing and issuance of any Final Order and Judgment.

10. **Injunction against Releasing Parties' Pursuit of Released Claims**. Pending the Final Approval Hearing and issuance of the Final Approval Order and Final Judgment, Releasing Parties are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving

any benefits from any class action or other lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction based on or relating to the Released Claims. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

11. **Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) provisional class certification will be automatically vacated; (b) Settlement Class Representatives and Settlement Class Counsel will stop functioning as class representatives and class counsel, except to the extent previously appointed by the Court; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator. Neither the Settlement nor this Order will waive or otherwise impact the Parties' rights or arguments.

12. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

13. **Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines in this Action are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

14. **CAFA Notice.** The Court finds that CenturyLink has complied with 28 U.S.C. § 1715(b).

15. **Modifications.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

16. **Final Approval Hearing**. On August 27, 2020, at 10:30 a.m., this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiffs' motion in support of final approval of the settlement shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class Members.

17. **Summary Timeline.** The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| Action | Timing | Citation |
|---|---|---|
| Last day for CenturyLink to provide the Settlement Administrator the Class Member list | 21 days after entry of this Order | Settlement Agreement (S.A.) ¶ 4.1 |
| Last day for the Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone line, and email address and P.O. Box to accept inquiries from Settlement Class Members | 45 days after entry of this Order | S.A. ¶ 4.2 |
| Last day for the Settlement Administrator to begin Publication Notice Plain | 45 days after entry of this Order | S.A. ¶ 4.5 |

9

| Action | Timing | Citation |
|---|---|---|
| Settlement Administrator provides Email Notice to Settlement Class Members that are former CenturyLink customers | 45 days after entry of this Order | S.A. ¶ 4.4.2 |
| Settlement Administrator provides Postcard Notice to Settlement Class Members that are former CenturyLink customers | 45 days after entry of this Order | S.A. ¶ 4.4.3 |
| CenturyLink starts providing Bill Notice to Settlement Class Members that are current CenturyLink customers | First billing cycle that starts more than 45 days after entry of this Order | S.A. ¶¶ 4.3.1 & 4.3.2 |
| Last day for Settlement Class Counsel to file motion in support of Fees, Cost and Expense Award | 130 days after entry of this Order | S.A. ¶ 7.2.1 |

| Action | Timing | Citation |
|---|---|---|
| Last day for Settlement Class Members to file Claim Forms, object, or request exclusion from the class | 151 calendar days after the entry of this Order | S.A. ¶ 1.36 |
| Last day for Settlement Administrator and CenturyLink to provide Settlement Class Counsel declarations regarding proof of notice | 14 days before Final Approval Hearing | S.A. ¶ 7.2.2 |
| Last day for Settlement Class Counsel to file brief in support of Final Approval | 14 days before Final Approval Hearing | Preliminary Approval Order ¶ 16 |

**IT IS SO ORDERED.**

Dated: January 24, 2020            s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court Judge